ROBERT B. HOFFMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hoffman v. Commissioner
Docket No. 5236-82.
United States Tax Court
T.C. Memo 1986-106; 1986 Tax Ct. Memo LEXIS 503; 51 T.C.M. (CCH) 641; T.C.M. (RIA) 86106; March 18, 1986. Robert D. Hoffman, pro se. Milton B. Blouke, for the respondent. *504 JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's Federal income taxes as follows: Taxable
Additions to Tax
Additions to Tax
Year
Deficiency
Sec. 6653(a) [1]
Sec. 6654
1977
$5,944.39
$297.22
$154.65
1978
[2] 11,122.47
245.85
300.81
1979
[2] 5,321.15
2.48
131.43
*505 After concessions [3], the issue for decision is whether respondent is estopped from assessing a deficiency for taxable year 1978. MEMORANDUM FINDINGS OF FACT The facts have been fully stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated by this reference. Petitioner resided in Rapid City, South Dakota, at the time he filed the petition herein. In his return for 1978, petitioner reported taxable income of $25,938.62, and tax withholding thereon in the amount of $1,720.74. Petitioner requested a refund of the amount of tax withheld. [4] Petitioner attached to his return the following statement: Attached please find a form 1040, which I am submitting to your office with the intent and purpose of reclaiming compensation which has been withheld from my paychecks. As compensation for labor, I have been paid the amount shown on attached form W-2. It is my determination that I have incurred no tax liability on the compensation paid to me in the year 1978. No other source of income has befallen *506 me that would have incurred a tax liability for the year 1978. I certify that the above statement is true and factual. (signed) R. D. Hoffman April 16, 1979 On June 4, 1979, respondent, without issuing a statutory notice of deficiency, assessed a deficiency of $6,205.45 (the amount shown on the return as total tax) for 1978. On April 15, 1981, he served petitioner's employer with a notice of levy on petitioner's wages. Petitioner then sought injunctive relief in the United States District Court for the District of South Dakota, claiming that respondent was prohibited from collecting the 1978 tax liability in the absence of a statutory notice of deficiency. Respondent administratively released his levy on May 1, 1981, and agreed to suspend collection efforts pending the District Court's determination. On December 9, 1981, respondent issued the notice of deficiency which gave rise to this controversy. In a letter to petitioner dated *507 January 22, 1982, respondent advised petitioner that his tax liability for 1978 had been abated and that the amounts withheld by his employer during 1978 would be applied to his 1979 tax liability. On March 8, 1982, petitioner filed a petition in this Court asserting that his wages were not taxable income and that any tax liability he may have incurred for taxable year 1978 was not collectible because it had been abated. On April 12, 1982, the District Court dismissed petitioner's action, holding that pursuant to section 7421(a), it lacked jurisdiction to grant the requested injunctive relief. The District Court also noted that respondent was providing administrative relief to petitioner, so that the requested injunctive relief was unnecessary. OPINION Petitioner claims that respondent is estopped from determining a deficiency for 1978 because the issue of his tax liability for 1978 was previously litigated in District Court. In addition, petitioner claims that respondent is estopped from collecting any tax for 1978 by his previous abatement of petitioner's 1978 tax liability. The doctrine of collateral estoppel generally applies where one of the parties, in a later proceeding, *508 seeks to raise an issue that was decided in a previous proceeding. , revg. and remanding ; , affd. . The doctrine does not apply unless the issue or facts essential to resolution of the issue were actually decided in the first proceeding. Here, no determination affecting petitioner's tax liability, or respondent's right to assess the tax, was ever made. The District Court merely determined that it was without jurisdiction to enjoin respondent's collection efforts and that the issue was rendered moot by respondent's administrative action. Thus, the action taken by the District Court did not estop respondent from making a new determination for 1978. Similarly, respondent's abatement of the first assessment did not estop him from subsequently issuing a notice of deficiency for the same taxable year as long as the period of limitations on assessment had not expired. , affg. a Memorandum Opinion of this Court; *509 , affd. ; , affd. . The period of limitations on assessment for petitioner's taxable year 1978 expired in 1982. Section 6501. Respondent's notice of deficiency, which was mailed on December 9, 1981, was therefore timely. Accordingly, respondent's previous abatement did not estop him from making his subsequent timely determination. At trial respondent moved for an increased deficiency for 1978. Section 6214(a) provides that this Court has jurisdiction to determine whether any additional amount should be assessed if a claim therefor is asserted by respondent at or before the hearing. However, respondent has the burden of proof with respect to such a claim. Rule 142(a). Petitioner did not object to respondent's claim for an increased deficiency nor did he contest this issue on brief. [5] Rather, petitioner relied on the argument, which we have rejected, that respondent was estopped to collect any tax liability arising in 1978. Petitioner stipulated that if he is *510 liable for taxes for taxable year 1978, the correct amount of the tax is $11,122.47. [6] Therefore, we hold that the increased deficiency was timely claimed and that the amount of deficiency in dispute for 1978 is $11,122.47. Turning to the merits (or lack thereof) of petitioner's claim that wages are not taxable income, we reject such claim. It is well settled that wages are taxable income. ; ; , *511 affd. ; , affd. . Petitioner's failure to pay his taxes was patently negligent and was an intentional disregard of rules or regulations. Therefore, we sustain respondent's determination with regard to the addition to tax under section 6653(a). Respondent also determined an addition to petitioner's tax for 1978 pursuant to section 6654 for failure to pay estimated income tax. Petitioner admitted that if we find that he is liable for the taxable year 1978, the addition is correct. Therefore, we hold that petitioner is liable for the addition to tax under section 6654. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. In his notice of deficiency, respondent determined a deficiency for 1978 in the amount of $4,917 and a deficiency for 1979 in the amount of $17,684.07. In his amended answer to the petition, respondent claimed a $6,205.47 increase in deficiency for 1978, making the total deficiency for 1978 $11,122.47. Based on petitioner's 1979 return, respondent concedes that petitioner's 1979 tax liability is $5,321.15 rather than $17,684.07 as set forth in the notice of deficiency. The additions to tax have been adjusted to reflect the claimed increased deficiency for 1978 and respondent's concession in tax liability for 1979.↩
3. Petitioner conceded that he is liable for deficiencies and additions to tax for 1977 and 1979 in the amounts determined by respondent.↩
4. The 1978 return showed a total tax of $6,205.45. After subtracting the $1,720.74 tax withholding, the return showed a balance due of $4,487.71. However, petitioner claimed that he was entitled to a refund of the $1,720.74 withheld.↩
5. The Court ordered the parties to file seriatim briefs. Respondent timely filed an opening brief, but petitioner failed to file an answering brief. ↩
6. The amount of the deficiency set forth in the notice of deficiency for 1978 ($4,917) appears to be in error because where a taxpayer shows an amount due on his return but does not admit that that amount of tax is due and collectible, the amount treated as shown by the taxpayer for purposes of section 6211 is zero. , affd. .↩